UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP BALDEO and 156 WEST 15TH STREET CHELSEA, LLC,

                 Plaintiffs,

- against -

AIRBNB, INC. and JOHN AND JANE DOES 1-10,

                 Defendants.

**ORDER**

20 Civ. 7771 (PGG) (VF)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Philip Baldeo and 156 West 15th Street Chelsea LLC own an apartment building located in Manhattan. Plaintiffs' tenants listed their apartment units on Defendant Airbnb, Inc.'s platform, and the City of New York imposed fines on Plaintiffs in connection with that activity. The Complaint asserts claims against Airbnb for negligence, fraud, and violations of Section 349 of the New York General Business Law ("GBL").

        Airbnb has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (See Def. Mot. (Dkt. No. 19))

        On June 2, 2023, this Court referred Airbnb's motion to Magistrate Judge Valerie Figueredo for a Report and Recommendation ("R&R"). (Dkt. No. 28) In a September 29, 2023 R&R, Judge Figueredo recommends that Airbnb's motion to dismiss be granted, and that leave to amend be denied. (R&R (Dkt. No. 29) at 26-29)[1] No party has submitted objections to the R&R.

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

For the reasons stated below, the R&R's recommendations will be adopted, and Airbnb's motion to dismiss will be granted.

## BACKGROUND

### I.  FACTS[2]

At all relevant times, Plaintiff Philip Baldeo, a citizen of New York, was the majority shareholder of Plaintiff 156 West 15th Street Chelsea LLC, a New York corporation and the recorded owner of a multi-unit apartment building in Manhattan (the "Building"). (R&R (Dkt. No. 29) at 2; see Cmplt. (Dkt. No. 2) ¶¶ 39-40) Defendant Airbnb, a Delaware corporation with its principal place of business in San Francisco, California, maintains an online marketplace on its website, in which hosts "lease or sublease" their living space to guests. (Cmplt. (Dkt. No. 2) ¶¶ 41, 44-45)

In order to use Airbnb's online platform, users are required to acknowledge Airbnb's Terms of Service, which provide as follows:

> You understand and agree that Airbnb is not a party to any agreements entered into between hosts and guests, nor is Airbnb a real estate broker, agent or insurer.
>
> . . . .
>
> Notwithstanding the foregoing, Airbnb Payments [a separate entity] serves as the limited authorized payment collection agent of the [h]ost for the purpose of accepting, on behalf of the [h]ost, payments from [g]uests . . . .
>
> You acknowledge and agree that you are responsible for any and all [l]istings you post. Accordingly, you represent and warrant that any [l]isting you post and the

---

[2] The parties have not objected to Judge Figueredo's factual statement, and this Court adopts it in full. See Silverman v. 3D Total Solutions, Inc., No. 18 Civ. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC) (SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

> booking of, or a [g]uest's stay at, an [a]ccommodation in a [l]isting you post . . . will [] be in compliance with all applicable laws (such as zoning laws and laws governing rentals of residential and other properties). . . .
>
> You understand and agree that you are solely responsible for compliance with any and all laws, rules, regulations. . . . In connection with your use of the [Airbnb platform], you may not and you agree that you will not: violate any local, state, provincial, national, or other law or regulation, or any order of a court, including, without limitation, zoning restrictions. . . .

Plazza v. Airbnb, Inc., No. 16 Civ. 1085 (VSB), Dkt. No. 21-7 (Terms of Service) at 1, 4, 10 (emphasis omitted).[3]

Between 2014 and 2017, "at least seven" of Plaintiffs' tenants in the Building listed their apartments on Airbnb. (R&R (Dkt. No. 29) at 3)

Between August 28, 2014 and September 22, 2017, the City of New York (the "City") and the Office of Special Enforcement – which enforce state and local laws concerning short-term rentals of residential properties – raided the Building on four separate occasions. (Id.) After each raid, the City issued a summons to both Plaintiffs. Plaintiffs were prosecuted by the Environmental Control Board, which imposed more than $85,000 in fees on Plaintiffs. (Id. at 3-4)

In January 2018, the City filed a nuisance action against Plaintiffs in state court. (Id. at 4) The City also "'imposed and recorded a lis pendens upon the [] Building,' preventing

---

[3] The relevant Terms of Service – dated June 30, 2014 – are attached as an exhibit to a document filed in Plazza v. Airbnb, Inc., No. 16 Civ. 1085 (VSB). (See Def. Br. (Dkt. No. 20) at 3 n.3) This Court will take judicial notice of public filings in Plazza, which Judge Figueredo relied on without objection from the parties. See Rates Tech. Inc. v. Speakeasy, Inc., 685 F.3d 163, 167 n.3 (2d Cir. 2012) (taking "judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings") (internal citation and quotation marks omitted); Jianjun Lou v. Trutex, Inc., 872 F. Supp. 2d 344, 349 n.6 (S.D.N.Y. 2012) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice.").

Plaintiffs from selling, mortgaging, or renting the property." (Id. (quoting Cmplt. (Dkt. No. 2) ¶ 136)

Plaintiffs assert, inter alia, that Airbnb – through "deceptive, fraudulent, and unlawful practices" – (1) misleadingly "den[ied]" that it "acts as an agent for its [m]embers" in its Terms of Service, even though "its conduct satisfies the definition of a real estate broker, escrow agent, and legal agent [] under New York law" (Cmplt. (Dkt. No. 2) ¶¶ 7, 57); (2) "fraudulently conceal[ed]" from Plaintiffs certain regulatory risks that may be associated with their tenants' "short-term" listings (id. ¶¶ 129-131); and (3) "helped" Plaintiffs' tenants "sublease[] [their apartments] . . . without ever obtaining or even seeking Plaintiffs' consent." (Id. ¶ 16)

## II.   PROCEDURAL HISTORY

The Complaint was filed on September 23, 2020 (Cmplt. (Dkt. No. 2)), and asserts claims for negligence, fraud, and deceptive trade practices under Section 349 of the GBL. (Id. ¶¶ 139-52) Plaintiffs seek to recover, inter alia, the fines and penalties imposed on them by the City, the "substantial rental income" they lost as a result of the City's filing of a lis pendens concerning the Building, and costs incurred as a result of a larger mortgage. (Id. ¶¶ 136-38, 151)

On March 12, 2021, Defendant Airbnb moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs' claims are time-barred and, in any event, fail to state a claim. (Def. Br. (Dkt. No. 20) at 14-30)[4]

---

[4] While "the statute of limitations is ordinarily an affirmative defense that must be raised in the answer," the Second Circuit has permitted "a statute of limitations defense" to be "decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)); see also Ghartey v. St. John's Queens Hospital, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred

On June 13, 2023, this Court referred Defendant's motion to Judge Figueredo for an R&R. (Dkt. No. 28)

On September 29, 2023, Judge Figueredo issued a thorough and well-reasoned 29-page R&R recommending that Airbnb's motion be granted, and that the Complaint be dismissed with prejudice. (R&R (Dkt. No. 29) at 29)

In her R&R, Judge Figueredo notifies the parties that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," they "have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections." (Id.) (emphasis omitted)  The R&R further states that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id.) (emphasis omitted) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72; Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010))

Because the R&R was issued on September 29, 2023, the time to file objections expired on October 13, 2023.  On October 23, 2023 – ten days after the deadline had expired – Plaintiffs submitted a letter stating that they had "well-founded objections to parts of [the R&R]." (Pltf. Oct. 23, 2023 Ltr. (Dkt. No. 30))  Plaintiffs requested a "stay" and an extension of time to object to the R&R of "at least 30 days, because of an ethical conflict of interest that has developed between Plaintiff[s] and counsel." (Id.)

At a November 15, 2023 conference with Plaintiffs and their counsel, this Court discussed the nature of the alleged conflict, and whether Plaintiffs wanted to proceed with their

---

by a statute of limitations," the complaint may properly be dismissed pursuant to "Rule 12(b)(6) . . . for failure to state a claim upon which relief can be granted. . . .").

5

current counsel. (Nov. 15, 2023 Minute Entry (Docket Report for 20 Civ. 7771)) In a November 30, 2023 letter, Plaintiffs' counsel advised the Court that the attorney-client dispute had been resolved. (Pltf. Nov. 30, 2023 Ltr. (Dkt. No. 38))

In a December 1, 2023 order, this Court denied Plaintiffs' request for an extension of time to object to the R&R, finding that "Plaintiff[s] ha[d] not provided an adequate explanation for the requested extension." This Court also denied the application for a stay as moot, given that the attorney-client dispute had been resolved. (Dec. 1, 2023 Order (Dkt. No. 39))

## DISCUSSION

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's recommendations, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Where, as here, no timely objections have been filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-49 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

Where a party moves for an extension of time to object after a deadline has passed, courts may only grant relief where that party demonstrates it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see Alexander v. Saul, 5 F.4th 139, 142 (2d Cir. 2021). In determining "excusable negligent," courts consider, inter alia, "'the reason for the delay, including whether it was within the reasonable control of the movant.'" Alexander, 5 F.4th at 142 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. 380, 395 (1993)).

Here, Plaintiffs have not demonstrated excusable neglect. They have not explained why any attorney-client dispute prevented them from objecting within the statutory fourteen-day period. If Plaintiffs and their counsel required time to reach an agreement concerning ongoing representation, they could have sought an extension of time. They did not do so until long after the deadline had passed.

As discussed below, this Court has reviewed Judge Figueredo's R&R and has concluded that it is free of clear error. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

A.  **Statute of Limitations**

Judge Figueredo concludes that all of Plaintiff's claims – except a negligence claim predicated on the City's September 22, 2017 inspection and fine – are time-barred. (R&R (Dkt. No. 29) at 13-14)

The statute of limitations for Plaintiffs' negligence and GBL claims is three years from the date of accrual. See N.Y. C.P.L.R. § 214(2), (4), (5) (stating that "an action to recover damages for an injury to property," "an action to recover damages for a personal injury," and "an

7

action to recover upon a liability, penalty or forfeiture created or imposed by statute" "must be commenced within three years"). The date of accrual is the date "when 'an injury occurs.'" See Cosmopolitan Shipping Co. v. Marsh USA, Inc., No. 18 Civ. 3167 (LGS), 2021 WL 3173800, at *2 (S.D.N.Y. July 27, 2021) (quoting B.F. v. Reprod. Med. Assocs. of New York, LLP, 30 N.Y.3d 608, 615 (2017)).

In alleging a negligence claim, the Complaint contends that Airbnb "negligently engaged" in "unlawful rental conduct." (Cmplt. (Dkt. No. 2) ¶¶ 140-42)  As a result of Defendant's "unlawful rental conduct," Plaintiffs were investigated, prosecuted, and fined by the City's Environmental Control Board on four separate occasions:  (1) on August 29, 2014, when the City fined Baldeo $8,000; (2) on October 15, 2014, when the City fined Baldeo $2,400; (3) on March 7, 2017, when the City fined 156 West 15th Street $57,000; and (4) on September 22, 2017, when the City fined 156 West 15th Street $20,200.  (Id. ¶¶ 135, 140)  For each alleged injury, the statute of limitations began to run on the date Plaintiffs were fined.  Because the Complaint was not filed until September 21, 2020, Plaintiffs' negligence claim is time-barred except as to the September 22, 2017 fine.

Plaintiffs argue, however, that Airbnb "engaged in a continuing tort," such that the four fines should be measured from the date that the last fine was imposed – September 22, 2017.  (Pltf. Opp. (Dkt. No. 24) at 33)  The "continuing violations" exception to the standard accrual rule applies where a plaintiff pleads "the existence of [] a continuing . . . practice or policy," such that "the commencement of the statute of limitations period [is delayed] 'until the last [ ] act in furtherance of it.'"  Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999) (quoting Gomes v. Avco Corp., 964 F.2d 1330, 1333 (2d Cir. 1992)).

Here, however, each fine constitutes a "[d]iscrete incident[] . . . unrelated to an identifiable policy or practice"; such circumstances "'will not ordinarily amount to a continuing violation.'" Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (quoting Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996)). As Judge Figueredo notes, Plaintiffs "concede [that] each Airbnb listing and each subsequent fine imposed by the City concerned 'distinct facts involving different Airbnb Members, separate Airbnb rental agreements, and [a] distinct Summons.'" (R&R (Dkt. No. 29) at 10 (quoting Pltf. Opp. (Dkt. No. 24) at 32-33))

Accordingly, this Court finds no clear error in Judge Figueredo's conclusion that Plaintiffs' negligence claims are time-barred, except as to the September 22, 2017 fine.

Plaintiffs' GBL claim – which is likewise governed by a three-year statute of limitations – is predicated on allegations that Airbnb operated a "deceptive and unlawful business," because its Terms of Service contained "false, misleading, and deceptive statements" "with regard[] to its . . . status" as a "broker," "lawyer," or "agent." (Cmplt. (Dkt. No. 2) ¶¶ 143-46) Given these allegations, Plaintiffs' GBL claim began to run when Plaintiffs' tenants listed their apartments on Airbnb, because they would have received Defendant's Terms of Service – and have been exposed to Defendant's alleged "false, misleading, and deceptive statements" – at that time. See Okocha v. HSBC Bank USA, N.A., 700 F. Supp. 2d 369, 375 (S.D.N.Y. 2010) (noting that a GBL § 349 "cause of action accrues when the plaintiff first suffers injury as a result of the deceptive act or practice"). The Complaint does not allege when Plaintiffs' tenants first received Defendant's Terms of Service, but Judge Figueredo correctly concludes that they must have received the Terms of Service "at least one day" "prior to the date of the City's inspections and fines" on August 28, 2014, October 15, 2014, March 7, 2017, and September 22,

9

2017. (R&R (Dkt. No. 29) at 12) Accordingly, this Court finds no clear error in Judge Figueredo's recommendation that Plaintiffs' GBL claim is time-barred.

With respect to Plaintiffs' fraud claim, the statute of limitations is "six years from the date the cause of action accrued," or "two years" from when the fraud is discovered, whichever time is "greater." N.Y. C.P.L.R. § 213(8). Plaintiffs' fraud claim is predicated on Airbnb's allegedly "false representations, including omi[tting]" the fact that Plaintiffs' tenants are Airbnb hosts "who planned to [list the] apartments for Airbnb rentals." (Cmplt. (Dkt. No. 2) ¶ 149)

As to the date of discovery, while the Complaint does not allege when Plaintiffs signed leases with their tenants, Judge Figueredo finds that the statute of limitations began to run – at the latest – by September 22, 2017, when the last inspection was conducted and the last fine was imposed. September 22, 2017, is thus the "latest" date by which "Plaintiffs would have been on notice of the alleged fraudulent conduct." (R&R (Dkt. No. 29) at 13) Given that the Complaint was not filed until more than two years later, Plaintiffs' fraud claim is time-barred to the extent it is predicated on date of discovery.

As to the accrual date, Plaintiffs became aware at least by August 29, 2014, when the first fine was imposed, that at least some of their tenants were listing their apartments on Airbnb in violation of the law. (See Cmplt. (Dkt. No. 2) ¶ 135) Given that the Complaint was not filed until September 23, 2020 – more than six years later – Plaintiffs' fraud claim is likewise time-barred to the extent it is predicated on accrual date.

In sum, this Court finds no clear error in Judge Figueredo's statute of limitations analysis, and will adopt her recommendations concerning Plaintiffs' negligence, GBL, and fraud claims.

B. **Subject Matter Jurisdiction**

As to Plaintiffs' only remaining claim – for negligence based on the September 22, 2017 inspection and related fine – Judge Figueredo recommends dismissing that claim for lack of subject matter jurisdiction.

Federal jurisdiction in this case is predicated on diversity of citizenship and an amount in controversy greater than $75,000, pursuant to 28 U.S.C. § 1332. (Cmplt. (Dkt. No. 2) ¶ 37) Judge Figueredo finds that because Plaintiffs' sole remaining claim is premised on a fine of $20,200 (id. ¶ 135), the amount in controversy does not reach the statutory threshold. (R&R (Dkt. No. 29) at 13-14)

This Court finds no clear error in Judge Figueredo's analysis, and will adopt her recommendation to dismiss Plaintiffs' remaining negligence claim for lack of subject matter jurisdiction.

C. **Failure to State a Claim**

In the alternative, Judge Figueredo recommends dismissing all of Plaintiffs' claims for failure to state a claim.

As to Plaintiffs' GBL claim, Judge Figueredo concludes that Plaintiffs do not allege facts suggesting that "they engaged in any transaction or conduct directly with Airbnb," such that they could be considered "consumers" and therefore "injured" under Section 349 of the GBL. (R&R (Dkt. No. 29) at 26)

As to Plaintiffs' fraud claim, Judge Figueredo concludes, inter alia, that the Complaint does not (1) satisfy the particularity requirements of Rule 9(b); or (2) adequately plead that Airbnb acted with fraudulent intent. (Id. at 19-22)

As to Plaintiffs' negligence claim, Judge Figueredo notes that, under New York law, the elements of a negligence claim are "'(1) the existence of a duty of care on defendant's

11

part as to plaintiff; (2) a breach of this duty[;] and (3) injury to the plaintiff as a result thereof.'" (Id. at 14 (quoting In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 758 F.3d 202, 210 (2d Cir. 2014)); see also Pasternack v. Lab Corp. of Am. Holdings, 807 F.3d 14, 19 (2d Cir. 2015) ("If the defendant owes no duty to the plaintiff, the action must fail.").

The Complaint pleads no facts suggesting that Airbnb owed a duty of care to Plaintiffs. While Plaintiffs argue in their briefing "that Airbnb has the duty to control its own conduct within the bounds of the civil and criminal laws" (Pltf. Opp. (Dkt. No. 24) at 14) (emphasis omitted), Plaintiffs' assertion of a "generalized duty to follow the law" (R&R (Dkt. No. 29) at 16) does not plausibly suggest that Airbnb owed a duty to Plaintiffs. See Hamilton v. Beretta U.S.A. Corp., 96 N.Y.2d 222, 232 (2001) ("[An] injured party must show that a defendant owed not merely a general duty to society but a specific duty to him or her."); Torain v. Casey, No. 16 Civ. 2682 (VEC) (JCF), 2016 WL 6780078, at *6 (S.D.N.Y. Sept. 16, 2016) (plaintiff's "generalized assertions that the defendants owed him a 'duty of care not to expose [him] to severe emotional distress, mental anguish, [and] humiliation'" does not allege that "defendants owed a duty to him in any cognizable legal sense") (quoting complaint), report and recommendation adopted, No. 16-CV-2682 (VEC) (JCF), 2016 WL 6775440 (S.D.N.Y. Nov. 14, 2016).

Accordingly, the Court adopts Judge Figueredo's recommendation that Plaintiffs' claims be dismissed for failure to state a claim.

D.     **Leave to Amend**

Judge Figueredo recommends that leave to amend be denied. Because Plaintiffs' (1) negligence claim premised on fines imposed before September 22, 2017; (2) GBL § 349 claim; and (3) fraud claim are "time-barred," "any amendment would be futile." (R&R (Dkt. No. 29) at 27) (citing Vargas v. Ciarletta, No. 09-CV-8981 (SAS) (TH), 2010 WL 4447636, at

*1 (S.D.N.Y. Nov. 4, 2010)) ("If the claims the plaintiff seeks to add would be barred by the applicable statute of limitations, amendment would be futile and leave to amend should be denied.")

To the extent that Plaintiffs' negligence claim is premised on the September 22, 2017 fine of $20,200, Judge Figueredo recommends that the claim be dismissed without leave to amend, because the claim "fails to meet the amount in controversy requirement necessary for diversity jurisdiction. . . . Even if . . . Plaintiffs could bolster their allegations of economic injury, Plaintiffs will be unable to allege the existence of a duty owed to it by Airbnb that would give rise to a viable negligence claim." (R&R (Dkt. No. 29) at 27-28)

This Court finds no clear error in Judge Figueredo's recommendation that leave to amend should be denied.

## CONCLUSION

For the reasons stated above, Judge Figueredo's R&R (Dkt. No. 29) is adopted in its entirety. Defendant Airbnb's motion to dismiss is granted (Dkt. No. 19), and leave to amend is denied.

The Clerk of Court is directed to terminate the motion (Dkt. No. 19), to enter judgment for Defendant, and to close this case.

Dated: New York, New York
       March 30, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge